IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KOREY PARKER, | § | |
| #20250175 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2526-N-BN |
| | § | |
| STEPHANIE MILLER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Korey Parker, currently incarcerated in the Johnson County Jail, filed

a *pro se* civil rights complaint alleging claims relating to his pending criminal case

and claims of deliberate indifference relating to accommodation of dietary

requirements due to food allergies and sanitary conditions in the Johnson County

Jail. *See* Dkt. No. 3. And Senior United States District Judge David C. Godbey

referred Parker's complaint to the undersigned United States magistrate judge for

pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Shortly after filing his complaint, Parker filed a motion seeking an injunction

against officials at the Johnson County Jail for allegedly retaliating against him for

filing a complaint. *See* Dkt. No. 6. Parker alleges that jail officials opened his mail to

the Court and read and made copies of his complaint before it was mailed out. *See id.*

at 2. And he alleges that officials at the jail have retaliated by failing to treat him for

a broken rib and possibly broken shoulder blade and that he has lost access to his

phone, tablet, and visits. *See id.* He asks the Court to issue an injunction ordering jail

officials to stop opening his mail, retaliating against him, and taking his privileges. *See id.* at 3.

Parker then filed a letter to the Court that the undersigned construes as a supplemental motion for injunctive relief. *See* Dkt. No. 9. Parker alleges that Assistant District Attorney Stephanie Miller filed a document in his criminal case stating that he "has a history of suing people or communicating with court when he doesn't get his way or when he is trying to get money by making false or misleading statements/assertions" and cited this case and another filed at the same time against officials in Waco and McLennan County. *Id.* at 1. The letter does not specify what relief he seeks related to the state court filing.

Although he does not specify what type of injunctive relief he seeks, as the case is still being screened and defendants have not yet appeared or otherwise received formal notice of the motion, Parker's request is properly treated as one for an *ex parte* temporary restraining order ("TRO").

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

Parker must therefore unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

The United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up). And "[t]he Fifth Circuit has held that except in those exceptional cases to prevent clear and imminent irreparable injury, the courts will not issue an injunction." *Young v. LeBlanc*, Civ. A. No. 17-6329, 2019 WL 1199099, at *2 (E.D. La. Mar. 14, 2019) (citation omitted).

For civil actions relating to prison conditions, the Prison Litigation Reform Act ("PLRA") requires that any "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means to correct that harm." 18 U.S.C. § 3626(a)(2).

And Parker may not obtain a TRO absent notice to the adverse parties without complying with Federal Rule of Civil Procedure 65(b)(1), which he has not done. And

this alone is reason enough to deny a TRO – even where the prisoner plaintiff alleges that "defendants have failed to protect him from danger of attack by other inmates and that defendants have retaliated against him." *Bell v. Horton*, No. 7:05-cv-128-R, 2005 WL 8169223 (N.D. Tex. Nov. 21, 2005). Rule 65(b)(1) "permits this Court to issue a temporary restraining order only if 'specific facts *in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *Breitling v. LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) (quoting FED. R. CIV. P. 65(b)(1); further observing that, "[p]ursuant to Local Rule 83.14, '[p]ro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure'").

And, even if Parker's motions complied with all applicable rules, it should still be denied. First, Parker's supplemental TRO motion, which appears to seek injunctive relief against a prosecutor related to her filings in Parker's ongoing state criminal case, implicates abstention under *Younger v. Harris*, 401 U.S. 37 (1971).

*Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (cleaned up). The proceedings at issue here clearly meet this requirement. *See generally* Dkt. No. 3.

The doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (cleaned up); *accord Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

All prerequisites for abstention under *Younger* are met here. There is an ongoing state judicial criminal proceeding. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984); *see also Nobby Lobby, Inc. v. City of Dall.*, 970 F.2d 82, 85 (5th Cir. 1992) (explaining that, "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff" (citing *Younger*, 401 U.S. at 41)).

And Parker has full opportunity to raise constitutional challenges in the ongoing state prosecution, on direct appeal in the event of a conviction, or through a state habeas writ challenging his detention or conviction. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy."); *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); *Moore v. Sims*,

442 U.S. 415, 425-26 (1979) ("Certainly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); *Gates*, 885 F.3d at 880 ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (citing *Moore*, 442 U.S. at 425)).

While all three conditions of *Younger* are met in this matter, this Court may refuse to abstain if an exception applies. But nothing in the complaint or the TRO motions supports any claim that an exception applies here.

So Parker's construed supplemental motion for injunctive relief against Miller [Dkt. No. 9] should be denied.

And as to the original motion for injunctive relief, Parker's motion is primarily built on a claim that jail officials violated his rights by opening his mail to the Court. They did not. Court filings are not privileged but are, in most cases including this one, publicly filed documents. So Parker's allegations that jail officials opened and read his legal mail to the Court does not state a cognizable constitutional claim. *See Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). And there is no legal basis to enjoin Johnson County jail officials from reading his non-privileged, legal mail.

Parker further alleges that, because of jail officials reading his mail, he has faced a delay in receiving medical care for an unspecified amount of time and lost his phone, tablet, and visitation privileges allegedly in retaliation for filing his complaint. *See* Dkt. No. 6.

"To prevail on a claim of retaliation, a prisoner must establish (1) a specific

constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998). But "[r]etaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

But even if Parker's allegations met the standard for alleging retaliation, his request for a general injunction prohibiting retaliation does not meet the PLRA's requirements for narrowly drawn injunctive relief. And it is not possible in an *ex parte* TRO request to determine whether the relief requested is the least intrusive means to correct the harm.

So Parker's motion for injunctive relief [Dkt. No. 6] should be denied.

## Recommendation

The Court should deny Plaintiff Korey Parker's motions for injunctive relief [Dkt. Nos. 6, 9].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 12, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE